UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Carlyne Desir

Plaintiff(s)

vs.

MAGISTRATE JUDGE JAMES ORENSTEIN
CV 18-2630 (ENV)(PK)

RECEIVED JUN 18 2018 PRO SE OFFICE

Florida Capital Bank, N.A., THE BANK OF NEW YORK Mellon FKA The Bank New York, (CWALT 2006-31CB), Bank of America, Bayview Loan Servicing, LLC, Frenkel Lambert Weiss Weisman & Gordon, LLP, STEWART TITLE, JP MORGAN CHASE BANK, N.A, and Mortgage Electronic Registration Systems, Inc. (MERS)

Defendant(s)

## OPPOSITION, OBJECTION AND STRIKE TO ANSWER TO COMPLAINT

As the Court unanimously held in **Haines v. Kerner,** 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41,45 46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ANY/All documents filed by Thomas G. Sherwood, LLC attorneys on the records in this instant case CV 18-2630 and authenticated by attorneys for STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), are inadmissible.

Supreme Court Rulings "An attorney for the plaintiff cannot admit evidence into the court. He is either an attorney or a witness". (Trinsey v. Pagliaro D.C.Pa. 1964, 229 F. Supp. 647). "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647." Thomas G. Sherwood, LLC Attorneys statements are hearsay, counsels do not have personal knowledge of the note, mortgage deed or my property 1192 E46th Street Brooklyn New York 11234.

Carlyne Desir files this Opposition, Objection and Strike to Thomas G. Sherwood, LLC attorneys ANSWER TO COMPLAINT and states follow: All Answers correspond to the numbered paragraphs of the ANSWER TO COMPLAINT. All allegations of Thomas G.

Sherwood, LLC ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSE, attorneys statements and claims are denied unless expressly admitted herein.

I Carlyne Desir have personal firsthand knowledge of the facts and competent to testify to the true of the following facts if call in witness. Carlyne Desir does hereby solemnly swear, declare, and state the facts on the record:

1. Claims in paragraph(s) 1.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

2. Claims in paragraph(s) 2.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

3. Claims in paragraph(s) 3.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

4. Claims in paragraph(s) 4.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

5. Claims in paragraph(s) 5.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

6. Claims in paragraph(s) 6.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

7. Claims in paragraph(s) 7.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

8. Claims in paragraph(s) 8.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

9. Claims in paragraph(s) 9.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

10. Claims in paragraph(s) 10.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

11. Claims in paragraph(s) 11.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

12. Claims in paragraph(s) 12.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

13. Claims in paragraph(s) 13.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

14. Claims in paragraph(s) 14.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

15. Claims in paragraph(s) 15.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

16. Claims in paragraph(s) 16.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

17. Claims in paragraph(s) 17.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

18. Claims in paragraph(s) 18.Carlyne Desir object, strike and denies ALL allegations. Inadmissible hearsay. Thomas G. Sherwood, LLC IS NOT a competent witness with first hand or personal knowledge. STEWART TITLE or STEWART TITLE COMPANY INC. ("STC"), accuser Defendant(s) need to testify to the facts. "competent fact witness" (ie: someone with first hand knowledge who can take the stand under oath). Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9 Cir. 1963). I have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.

BAR ATTORNEYS are not the source of truth! BAR attorneys are precluded from testifying on behalf of a client or advancing his religious faith claims for the following reasons:

REASON ONE:

**Only facts can be entered into evidence.** Attorney are required to provide proof of claim or they are asking the court to join the religion of fideism.

**It is the duty of the Court to place those who testify "under oath" so that truth can proceed and succeed.**

**It is the duty of the court to disallow statements of counsel as evidence.**

REASON TWO:

**Pro Per and pro se litigants should therefore always remember that the majority of the time, the motion to dismiss a case is only argued by the opposing attorney, who is not allowed to testify on the facts of the case, the motion to dismiss is never argued by the real party in interest.**

**The rules of evidence that truth can only be determined from a first-hand witness with personal knowledge (Rule 602). Attorneys can't testify because they lack first-hand knowledge.**

REASON THREE:

**The rules of evidence assert that for a statement to be deemed as true, it must be stated under oath (Rule 603).** Since a BAR attorney is not under oath nothing he says can be trusted or entered into evidence. A man not under oath can make any claim he wants without impunity.

REASON FOUR:

**The rules of evidence preclude hearsay as proof of claim (Rule 802).** Since the attorney is not a first-hand witness, anything and everything he says must be considered as hearsay and not be permitted to be placed on the scales of justice.

REASON FIVE:

**Statement of counsel in brief or in oral argument are not facts before the court.** In Trinsey v. Pagliaro the Court ruled that attorneys cannot admit evidence into the court. BAR attorneys are not sentient human beings but corporate fictions; and, therefore are prevented from testifying on behalf of their corporate clients; that is, they are prevented by law to testify on behalf of blind, deaf, fictional corporation or in absence of a competent, sentient eye witness. The Court must weigh the evidence.

"An attorney for the plaintiff cannot admit evidence into the court. He is either an attorney or a witness". (Trinsey v. Pagliaro D.C.Pa. 1964, 229 F. Supp. 647)

"Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case." United States v. Lovasco (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752,

"Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting statements of counsel concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted." Gonzales v. Buist. (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463.

No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not **statements** of **counsel,** Holt v. United States, (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2,

REASON SIX:

**Attorneys can't authenticate any documents if they are not a first-hand, eyewitness of an actual event.** Any statements by an attorney that a document is valid must be rejected as evidence unless it is certified, validated, and certified by a competent witness.

REASON SEVEN:

Attorneys statements in briefs do not rise to the level of fact or truth or evidence.

"Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647.

REASON EIGHT:

**Attorneys must either be an attorney or a witness.** He cannot be both. Professional statements of litigants attorney are treated as affidavits, and attorney making statements may be cross-examined regarding substance of statement, Frunzar v. Allied Property and Casualty Ins. Co., (Iowa 1996) 548 N.W.2d 880.

REASON NINE:

Administrative Procedures Act, 5 U.S.C. Part I, Chapter 5, II, § 556 ((d)) Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof. , Porter v. Porter, (N.D. 1979 ) 274 N.W.2d 235. Furthermore, the attorney is not permitted to administer an oath in his cases applies as well, Deyo v. Detroit Creamery Co (Mich 1932) 241 N.W.2d 244.

REASON TEN:

**Attorneys can't administer oaths of affiants.** Statutes forbidding administering of oath by attorney's in cases in which they may be engaged applies to affidavits as well, Deyo v. Detroit Creamery Co (Mich 1932) 241 N.W.2d 244

REASON ELEVEN:

Attorneys are required to submit original copies and competent affidavits in support of claim (NMRCP, Rule 1-009 I.).

SUMMARY

The court's only duty is to weigh the evidence. Attorney's ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSE are not proof of anything and cannot be entered into the record as evidence. If there are no affidavits of truth, there are no facts, if there are no fact, there is no evidence on record.

PLEADING

Therefore, attorneys not being able to testify, Plaintiff requests this court to strike all ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSE and testimony as evidence submitted by opposing counsel which lack a competent witness and a competent affidavit, to weigh competent evidence, and to give judgment in favor of Plaintiff.

I Carlyne Desir declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. The declaration is executed in Kissimmee Florida on June 14, 2018, 2017.

I Carlyne Desir HEREBY CERTIFY that a true and correct copy of **OPPOSITION, OBJECTION AND STRIKE TO ANSWER TO COMPLAINT** was furnished to Defendant attorney office located at 300 Garden City Plza, Suite 222, Garden City, New York 11530


